UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ALFONZO BROWN,

        Petitioner,

v.                            CASE NO. 05-CV-72321-DT
                               HONORABLE GERALD E. ROSEN

HUGH WOLFENBARGER,

        Respondent.
_____/

## ORDER GRANTING PETITIONER'S MOTION FOR A STAY

Petitioner Alfonzo Brown has filed a *pro se* habeas corpus petition under 28 U.S.C. § 2254. The habeas petition attacks Petitioner's state convictions for second-degree murder, assault with intent to commit great bodily harm, and felony firearm. Petitioner raised two of his nine habeas claims on direct review of his convictions. The Michigan Court of Appeals affirmed his convictions, and, on August 30, 2002, the Michigan Supreme Court denied leave to appeal.

On September 11, 2003, Petitioner raised the remaining seven habeas claims in a motion for relief from judgment filed in Wayne County Circuit Court. The trial court denied his motion, and on March 21, 2005, Petitioner filed an application for leave to appeal the trial court's decision. The application was pending in the Michigan Court of Appeals when Petitioner filed his habeas petition, but state court records indicate that the court of appeals denied leave to appeal on September 23, 2005. Petitioner then sought leave to appeal in the Michigan Supreme Court. His application for leave to appeal remains pending in the state supreme court.

This matter currently is pending before the Court on Petitioner's motion to hold his

habeas petition in abeyance.[1] Petitioner seeks a stay pending review of his unexhausted claims in state court.

## Discussion

Habeas petitioners must exhaust available state remedies before seeking a writ of habeas corpus in federal court. 28 U.S.C. § 2254(b)(1). "[T]he prisoner must 'fairly present' his claim in each appropriate state court (including a state supreme court with powers of discretionary review), thereby alerting that court to the federal nature of the claim." *Baldwin v. Reese*, 541 U.S. 27, 29 (2004). Federal district courts ordinarily must dismiss a habeas petition containing any unexhausted claims. *Rose v. Lundy*, 455 U.S. 509, 510 (1982).

A federal court may stay a petitioner's exhausted claims and dismiss his unexhausted claims if the petitioner shows "good cause" for not exhausting his claims in state court. *Rhines v. Weber*, __ U.S. __, __, 125 S. Ct. 1528, 1535 (2005). He also must demonstrate that his unexhausted claims are potentially meritorious and that he has not engaged in intentionally dilatory litigation tactics. *Id*.

Petitioner arguably satisfies the *Rhines* criteria. He implies that he did not exhaust state remedies for all his claims because his appellate attorney raised only two issues on appeal and ignored several issues that were preserved for appellate review. The unexhausted claims are not plainly meritless, and Petitioner does not appear to be engaged in dilatory litigation tactics. Therefore, Petitioner's motion to hold his habeas petition in abeyance is GRANTED.

The stay is conditioned on Petitioner supplementing his habeas petition within **sixty (60)**

---

[1] Petitioner incorporated the motion in his habeas petition.

**days** of exhausting state remedies.  The Court expresses no opinion on the merits of Petitioner's claims or on the timeliness of the habeas petition.

                                      s/Gerald E. Rosen
                                      Gerald E. Rosen
                                      United States District Judge

Dated:  December 16, 2005

I hereby certify that a copy of the foregoing document was served upon counsel of record on December 16, 2005, by electronic and/or ordinary mail.

                                      s/LaShawn R. Saulsberry
                                      Case Manager